**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35170 |
| Plaintiff - Appellee, | D.C. Nos.  2:11-cv-00127-FVS |
| | 2:02-cr-00221-FVS |
| v. | |
| HYUN JU LEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, District Judge, Presiding

Submitted February 5, 2014[**]
Seattle, Washington

Before:  FISHER, GOULD and CHRISTEN, Circuit Judges.

Hyun Ju Lee appeals the district court's order denying her petition for a writ

of coram nobis.  We have jurisdiction under 28 U.S.C. § 1291, and we vacate and

remand.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Lee concedes that she is not entitled to relief under *Padilla v. Kentucky*, 559 U.S. 356 (2010), because *Padilla* does not apply retroactively to her case. *See Chaidez v. United States*, 133 S. Ct. 1103 (2013). She contends, however, that she is entitled to relief under *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). The government has raised no procedural objections to Lee's reliance on *Kwan*.

To obtain relief under *Kwan*, Lee must show: (1) that "counsel has not merely failed to inform, but has effectively misled, his client about the immigration consequences of a conviction," *id.* at 1015; and (2) "'there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial,'" *Smith v. Mahoney*, 611 F.3d 978, 986 (9th Cir. 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). The district court found the second of these requirements satisfied here, finding that "Ms. Lee would not have accepted the plea agreement that was offered by the government had she clearly understood a plea of guilty would result in her removal from the United States." As this finding is not clearly erroneous, we sustain it on appeal. *See Leavitt v. Arave*, 646 F.3d 605, 608 (9th Cir. 2011). Because the court was focused on the *Padilla* standard rather than the *Kwan* standard, however, the court made no finding as to whether Lee satisfied the first requirement. Accordingly, we vacate

the district court's order denying the writ and remand for the district court to address whether Lee can satisfy the deficient performance prong under *Kwan*. We leave it to the district court's discretion whether to make this finding on the existing record or to consider additional evidence.

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**